1
2
3
4
5
6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

| | |
|---|---|
| ROBERT E. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN SAGER, *et al.*,<br><br>Defendants. | Case No.  C11-1117-RSM-JPD<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |

10
11
12
13
14
15

16    Defendants move for a protective order to conduct depositions telephonically with *pro*

17 *se* plaintiff Robert E. Johnson, who is a state prisoner proceeding *in forma pauperis* with a

18 civil-rights action. (Dkt. 25); *see* Fed. R. Civ. P. 26(c)(1), 30(b)(4).  Mr. Johnson opposes this

19 motion, contending that observing the deponents in-person is essential to his case and

20 outweighs defendants' assertions of undue burden and expense.  (Dkt. 32.)[1]  Having reviewed

21 the papers filed in support of and in opposition to defendants' motion, the Court **GRANTS**

22 defendants' motion for a protective order to conduct depositions telephonically unless Mr.

23 Johnson can, without incurring additional debt, personally pay the out-of-pocket expenses of

24 defendants attending the depositions in-person.  (Dkt. 25.)

25

26    [1] The Court granted plaintiff's motion for an extension of time to file an opposition to defendants' discovery motion.  (Dkt. 30.)

ORDER GRANTING DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER
PAGE - 1

## BACKGROUND

Although Mr. Johnson is currently incarcerated in Coyote Ridge Corrections Center in Connell, his claims of discrimination refer to conduct that occurred while a prisoner at the Monroe Correctional Complex ("MCC") in Monroe, and all defendants work at MCC. (Dkt. 7.) Monroe is located over 200 miles from Connell. Nonetheless, Mr. Johnson seeks to depose all defendants in-person, either through being transferred to MCC or through defendants traveling to Connell, and has rejected defendants' offer to have the depositions take place telephonically. (Dkt. 32.)

## DISCUSSION

Two provisions in the Federal Rules of Civil Procedure authorize courts to require that a deposition be conducted telephonically. Rule 30(b)(4) provides that "the court may on motion order [ ] that a deposition be taken by telephone or other remote means." Rule 26(c)(1) authorizes a judge to issue a protective order specifying the time, place, and method of discovery upon a showing of, *inter alia*, "undue burden or expense." Motions brought under Rules 30(b)(4) and 26(c)(1) are ordinarily subject to different standards. A Rule 30(b)(4) motion focuses on the prejudice that a telephonic deposition would impose, whereas a Rule 26(c) motion focuses on the prejudice a deponent would suffer if compelled to appear in person. Although Mr. Johnson reasonably contends that it is important to observe defendants' demeanor in-person, defendants also reasonably assert that such depositions constitute an undue travel burden and expense. Balancing these competing interests, the Court finds that unless Mr. Johnson bears the expenses of defendants attending the depositions in-person, the depositions should take place telephonically.

### I. Rule 30(b)(4)

As the party opposing defendants' Rule 30(b)(4) motion, Mr. Johnson bears the burden of showing that he will suffer prejudice if the motion to conduct defendants' depositions telephonically is granted. *See, e.g.*, *Clinton v. California Dep't of Corr.*, 2009 WL 210459, at

1  \*3 (S.D. Cal. Jan. 20, 2009); *United States v. $160,066.98 from Bank of America*, 202 F.R.D.
2  624, 629 (S.D. Cal. 2001); *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996);
3  *Jahr v. IU Int'l Corp.,* 109 F.R.D. 429, 431 (M.D.N.C.1986).  "Generally, leave to take
4  depositions by remote electronic means should be granted liberally." *Brown v. Carr*, 253
5  F.R.D. 410, 412 (S.D. Tex. 2008).

6        The Court agrees with Mr. Johnson's assertion that his inability to see defendants and
7  to judge their personal demeanors constitutes an important consideration in the decision to
8  permit a telephonic deposition, particularly because Mr. Johnson contends that defendants have
9  acted dishonestly and with discriminatory intent.  *See, e.g.*, *Anguile v. Gerhart*, 1993 WL
10 414665, at \*3 (D. N.J. Oct. 7, 1993) (granting plaintiff's motion for initial telephonic
11 deposition, provided that second deposition would be in person).  On the other hand,
12 telephonic depositions inherently lack face-to-face questioning, and to deny a request to
13 conduct a telephonic deposition solely because of the opponent's inability to observe the
14 witness would be tantamount to repealing Fed. R. Civ. P. 30(b)(4).  *See Jahr*, 109 F.R.D. at
15 432.  The Court disagrees with Mr. Johnson's contention that he will be prejudiced by his
16 inability to question defendants as to specific documents because this concern is easily
17 remedied.  Defendants may send the critical documents to Mr. Johnson in advance of the
18 deposition.

19       The Court finds that telephonic depositions do not so prejudice Mr. Johnson's ability to
20 prepare his case as to justify ordering in-person depositions at defendants' or the Court's
21 expense.  The Court therefore grants defendants' motion to conduct the depositions
22 telephonically unless Mr. Johnson pays the out-of-pocket expenses for in-person depositions in
23 order to personally observe defendants' responses and demeanors.[2]  *See, e.g.*, *Brown v. Carr*,
24 236 F.R.D. 311, 313 (S.D. Tex. 2006) ("Plaintiff may not expect the Court, or defendants to

---

[2] The Court is agnostic about whether defendants choose to attend, demanded and plaintiff-financed, in-person depositions in Connell or to transfer Mr. Johnson to MCC.  The Court will not, however, order defendants to transfer Mr. Johnson, an administrative decision that generally is best left to prison officials.

ORDER GRANTING DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER
PAGE - 3

1    pay for these fees and expenses simply because he is an indigent inmate proceeding *pro se* in
2    this action."); *see United States v. MacCollom*, 426 U.S. 317, 321 (1976) ("The established
3    rule is that the expenditure of public funds is proper only when authorized by Congress, not
4    that public funds may be expended unless prohibited by Congress."); *cf.* 42 U.S.C. § 1997e(f)
5    ("To the extent practicable, in any action brought with respect to prison conditions in Federal
6    court pursuant to section 1983 of this title . . . by a prisoner confined in any jail, prison, or
7    other correctional facility, pretrial proceedings in which the prisoner's participation is required
8    or permitted shall be conducted by telephone, video conference, or other telecommunications
9    technology without removing the prisoner from the facility in which the prisoner is
10   confined.").

11   **II.    Rule 26(c)**

12       While Rule 30(b)(4) evaluates the prejudice to the party opposing the motion, Rule
13   26(c) examines harm to the moving party.  To receive a protective order, a party must certify
14   that he has "in good faith conferred or attempted to confer with other affected parties in an
15   effort to resolve the dispute without court action," and that absent the protective order, he will
16   suffer "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P.
17   26(c)(1).  The burden of proof is on the party seeking the order.  *See Beckman Indus. v.*
18   *International Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992).

19       The parties acknowledge that defendants sought in good faith to resolve this dispute
20   without court intervention by offering since October 2011 to conduct telephonic depositions
21   with certain expenses paid for by defendants and that Mr. Johnson rejected those offers.  (Dkt.
22   25-1, at 1–19; Dkt. 32, at 1–2.)  Defendants have also demonstrated that they would suffer
23   undue burden and expense if they acceded to Mr. Johnson's demands.  Defendants all work at
24   MCC, Mr. Johnson is incarcerated in Connell, and it would be costly for the six defendants to
25   travel over 200 miles to attend the depositions in-person while having others take over their job
26   responsibilities; alternatively, transferring Mr. Johnson implicates monetary, administrative,

ORDER GRANTING DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER
PAGE - 4

1  and security concerns. (Dkt. 25, at 4.) The Court therefore grants defendants' motion for a
2  protective order to conduct depositions telephonically unless Mr. Johnson can, without
3  incurring additional debt, personally pay the out-of-pocket expenses of defendants attending
4  the depositions on-person.

## CONCLUSION

The Court **GRANTS** defendants' motion pursuant to Rules 26(c) and 30(b)(4) for a protective order to conduct depositions telephonically unless Mr. Johnson can, without incurring additional debt, personally pay the out-of-pocket expenses of defendants attending the depositions in-person. (Dkt. 25.)

DATED this 24th day of January, 2012.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge